IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE R. SZYMANSKI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 2:10-cv-02336-JD |
| THOMAS SACCHETTA, GERALD BALDINO, JR., and SACCHETTA AND BALDINO, | : | |
| Defendants. | : | |

DuBOIS, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　February 7, 2011

**MEMORANDUM**

**I. INTRODUCTION**

This is an action to recover attorney's fees allegedly owed to plaintiff George R. Szymanski, an attorney, from Thomas Sacchetta, Gerald Baldino Jr., and the law firm of Sacchetta and Baldino (collectively, "the defendants"). Plaintiff alleges that after a client terminated plaintiff's representation in the client's dental malpractice action, the defendants—attorneys who represented the client after plaintiff's discharge—promised plaintiff both orally and in writing that they would reimburse his attorney's fees in quantum meruit. The Complaint alleges claims for breach of contract (Count I), promissory estoppel (Count II), and unjust enrichment (Count III).

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendants' motion is

1

granted in part and denied in part. The Court grants defendants' motion with respect to plaintiff's breach-of-contract and unjust enrichment claims, and denies the motion in all other respects. The breach-of-contract claim is dismissed without prejudice to plaintiff's right to file an amended complaint within twenty days, if warranted by the facts. The unjust enrichment claim is dismissed with prejudice.

## II.  BACKGROUND[1]

Plaintiff began representing Eric Fine in a dental malpractice action against Mary Anne Checchio, D.D.S., in December 1999. (Compl. ¶ 7.) In March 2002, Fine discharged plaintiff and retained defendants as new counsel. (Id. ¶ 8.) On March 11, 2002, plaintiff received a call from defendant Baldino, who "promised [plaintiff] that he would receive his share of the attorney fees at the conclusion of Mr. Fine's dental malpractice case." (Id. ¶ 9.) Plaintiff then received a letter typed on Sacchetta and Baldino letterhead, dated March 21, 2002, in which defendant Sacchetta stated that "if this matter if [sic] favorably resolved on behalf of Mr. Fine, we will be happy to reimburse your costs and <u>quantum meruit</u> fee." (Id. ¶ 10; Defs.' Mot., Ex. 6.) Plaintiff alleges that as a result of the defendants' promises, he refrained from pursuing legal action against either them or Fine. (Compl. ¶ 11.)

Fine's Pennsylvania state-court dental malpractice action eventually was resolved in his favor, and on May 16, 2006, Checchio's attorneys mailed a check in the amount of $597,382.99

---

[1] It is well-settled that, on a motion to dismiss, courts may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007) (when ruling on a motion to dismiss, "courts normally consider . . . documents incorporated into the complaint by reference") (internal quotations and citations omitted). A court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

to Sacchetta and Baldino. (Id. ¶¶ 12-13.) Sacchetta and Baldino received Checchio's check and deposited it in their trust account on May 20, 2006. (Id. ¶ 14.)

On October 10, 2006, Szymanski filed a complaint in the Court of Common Pleas, subsequently amended two times, alleging his entitlement to attorney's fees from Fine and Checchio. (Pl.'s Resp., Ex. D at 36.) The defendants in this action, acting as counsel for Fine, filed preliminary objections on October 30, 2006. (Compl. ¶ 15; Pl.'s Resp. at 9.) On April 17, 2008, the Court of Common Pleas issued an opinion granting summary judgment in favor of Fine on the ground that the statute of limitations for a quantum meruit action had expired. (See Pl.'s Resp., Ex. C.) That decision was affirmed by the Superior Court on November 25, 2009. (See id., Ex. D.)

Plaintiff filed the Complaint against the defendants in this action on May 19, 2010, seeking to recover attorney's fees based on claims of breach of contract, promissory estoppel, and unjust enrichment.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff. . . ." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir.

2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---- (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that a defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S.Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S.Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief. Id.

## IV. DISCUSSION

The defendants assert that because plaintiff has already brought an action for attorney's fees against Fine in state court, plaintiff's action for attorney's fees in this Court is barred by the doctrine of res judicata. The defendants also urge dismissal based on arguments that are specific to each of the three claims in the Complaint. The Court will first discuss the defendants' res judicata argument, and then address each of plaintiff's three claims in turn.

4

### A. The Doctrine of Res Judicata is No Bar to This Action

The defendants argue that because plaintiff already brought an action for attorney's fees against Fine in state court, this federal court action is barred by the doctrine of res judicata. "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of the United States, 621 F.3d 340, 347 (3d Cir. 2010). "The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events." Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d. Cir. 1999). The party seeking to invoke claim preclusion must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney, 621 F.3d at 347 (citation omitted).

Plaintiff argues that res judicata does not bar this action because: (1) the parties involved in this action differ from the parties in the state court action, and (2) the causes of action against defendants have never been resolved by any court. This Court agrees. "[F]or the defense of res judicata to prevail, it is necessary that, between the previous action and the present action, there be an identity of issues decided . . . ." Oppong v. First Union Mortg. Corp., 215 Fed. App'x. 114, 117 (3d Cir. 2007). Plaintiff's state court action sought to recover attorney's fees from Fine based on work performed by plaintiff on his behalf, whereas the present action seeks to recover attorney's fees from defendants based on alleged promises from defendants to plaintiff that they would pay plaintiff a fee in <u>quantum meruit</u>. Thus, the issue whether plaintiff can recover <u>based on defendants' alleged promises</u> is not an "identical issue" to that which was litigated and adjudicated in the Pennsylvania state courts.

5

### B. Breach of Contract

Plaintiff alleges that defendants breached oral and written agreements to pay him attorney's fees when, on October 30, 2006, they "tried to deprive George Szymanski from receiving any fees whatsoever out of the funds in Eric Fine's dental malpractice action." (Compl. ¶ 16.) To state a claim for breach of contract, Pennsylvania law requires a plaintiff to establish: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract [,] and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). "Under Pennsylvania law, contract formation requires: (1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009).

Plaintiff has not averred facts sufficient to state a claim for breach of contract because he has not alleged an essential element of any breach-of-contract claim: the breach of a contractual obligation. Plaintiff contends that defendants breached their agreements to pay plaintiff when, on October 30, 2006, they filed preliminary objections to plaintiff's state court complaint against Fine and Checchio. (Compl. ¶¶ 15, 16; Pl.'s Resp. at 9.) However, when they filed preliminary objections in the state-court action, defendants, as attorneys for Fine, acted on behalf of Fine, and sought to defend against plaintiff's attempt to obtain attorney's fees not from them, but from Fine. Thus, the Court concludes that plaintiff has not alleged a breach of the purported oral and written contracts under which defendants agreed to pay him a quantum meruit fee.

The Court also concludes that plaintiff has not alleged the consideration necessary to support the existence of a contract. Although he avers that "[a]s a result of the defendants'

6

promises, George Szymanski refrained from pursuing any legal action against the defendants," (Compl. ¶ 11), plaintiff does not allege that at the time of contract formation, forbearance from suit was given in exchange for defendants' promises to pay him his quantum meruit fee.

### C. Promissory Estoppel

The defendants' only argument with respect to Count II, the promissory estoppel claim, is that the claim is barred by the gist-of-the-action doctrine. The defendants' argument fails. Pennsylvania's gist-of-the-action doctrine "bars claims for allegedly tortious conduct where the gist of the alleged conduct sounds in contract rather than tort." Hospicomm, Inc. v. Fleet Bank, N.A., 338 F. Supp. 2d 578, 582 (E.D. Pa. 2004) (internal quotation marks and citations omitted). The purpose of the doctrine is to "preclude[ ] plaintiffs from re-casting ordinary breach of contract claims into tort claims." eToll v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) (citation omitted). The Pennsylvania Supreme Court has unequivocally made clear that "promissory estoppel . . . sounds in contract law." Crouse v. Cyclops Industries, 560 Pa. 394, 403, 745 A.2d 606, 610 (Pa. 2000). Thus, the Court concludes that the gist-of-the-action doctrine does not bar plaintiff's claim for promissory estoppel.

### D. Unjust Enrichment

Count III of the Complaint is a claim for unjust enrichment. The defendants argue that this claim must be dismissed because a discharged attorney's only recourse is to "file a claim for quantum meruit against his former client." (Defs.' Mot. at 9.)[2] Plaintiff agrees that a claim for

---

[2] As with the promissory estoppel claim, the defendants argue that plaintiff's unjust enrichment claim is barred by the gist-of-the-action doctrine. The defendants misunderstand the nature of an unjust enrichment claim. Unjust enrichment does not sound in tort. Rather, "[a]n action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." Sevast v. Kakouras, 591 Pa. 44, 53 n.7 (2007). Thus, the gist-of-the-action doctrine is no bar to plaintiff's unjust enrichment claim.

quantum meruit can be brought only against a discharged attorney's former client, but argues that none of the causes of action asserted in the Complaint are for quantum meruit.

First, both plaintiff and defendants are correct that in Pennsylvania, a discharged attorney may bring a claim for quantum meruit only against his former client, and not against the client's new counsel. See Mager v. Bultena, 797 A.2d 948, 955 (Pa. Super. Ct. 2002) (in suit by discharged attorneys against their former client and client's new counsel for attorney's fees, court affirmed trial court's dismissal of new counsel from case, holding that discharged attorneys "possessed no claim in quantum meruit against anyone other than [their former client]"); Fowkes v. Shoemaker, 661 A.2d 877, 879 (Pa. Super. Ct. 1995) ("[The discharged attorneys'] quantum meruit action lies against [their former clients], not [the attorney who ultimately settled the case on behalf of the clients].").

Second, contrary to plaintiff's contention that unjust enrichment is not a claim for quantum meruit, "[u]njust enrichment is a synonym for quantum meruit." Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc., 933 A.2d 664, 667 (Pa. Super. Ct. 2007); see American and Foreign Ins. Co. v. Jerry's Sport Center, Inc., 2 A.3d 526, 531 n.8 (Pa. 2010) ("Quantum meruit is an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services.").

Plaintiff has brought an unjust enrichment—i.e., quantum meruit—claim against the defendants. Given that, in Pennsylvania, such a claim may be brought by plaintiff only against his former client, Fine, the Court dismisses plaintiff's unjust enrichment claim.[3]

---

[3] The defendants also argue that plaintiff's unjust enrichment claim is time-barred. Having concluded that plaintiff cannot bring such a claim against the defendants, the Court need not address defendants' statute-of-limitations argument.

## V. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss is granted in part and denied in part. The Court dismisses Count I, plaintiff's breach-of-contract claim, and Count III, plaintiff's unjust enrichment claim. The breach-of-contract claim is dismissed without prejudice to plaintiff's right to file an amended complaint within twenty days, if warranted by the facts. The unjust enrichment claim is dismissed with prejudice. This ruling leaves for adjudication Count II (promissory estoppel).

An appropriate order follows.